NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 8 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10355 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00511-CKJ-LAB-1 |
| v. | |
| OSCAR JESUS RUIZ-HERNANDEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted February 6, 2019**
Phoenix, Arizona

Before: HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

Oscar Jesus Ruiz-Hernandez appeals his conviction for possession of

marijuana with intent to distribute pursuant to 21 U.S.C. § 841. Ruiz-Hernandez

alleges that his detention at an interior immigration checkpoint exceeded what is

constitutionally permitted under *United States v. Martinez-Fuerte*, 428 U.S. 543

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(1976), and that the evidence obtained as a result of the detention should have been suppressed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the stop and detention were within the scope of *Martinez-Fuerte* and the district court did not clearly err in finding consent was voluntarily given, we affirm.

1.　Brief questioning at an internal permanent checkpoint is consistent with the Fourth Amendment if the questioning remains within "the scope of the stop." *Martinez-Fuerte*, 428 U.S. at 566–67. The border control agent began the inspection by asking Ruiz-Hernandez whether he was a United States citizen and then requesting immigration documents. This immigration-related questioning is precisely within the scope and purpose of the checkpoint.

A brief detention following valid immigration questioning is constitutional as long as it is "predicated on an articulable suspicion or 'a minimal showing of suspicion.'" *United States v. Taylor*, 934 F.2d 218, 221 (9th Cir. 1991) (quoting *United States v. Couch*, 688 F.2d 599, 604 (9th Cir. 1982)). Here, the agent noticed that Ruiz-Hernandez "looked a little nervous, look[ed] straight ahead" with "no eye contact," "grabb[ed] the steering wheel," and answered questions quickly "[l]ike he was in a hurry." These observations, accompanied by the brevity of the interaction—"couldn't have been more than a minute"—provided the minimal showing required.

2.　"[C]heckpoint searches are constitutional only if justified by consent or

2

probable cause to search." *Martinez-Fuerte*, 428 U.S. at 567. The agent asked Ruiz-Hernandez if he could look in the truck. Ruiz-Hernandez responded "yes" and released the latch, opening the trunk. At no time did the agent make any threatening movements toward his weapon. We consider the totality of the circumstances, *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973), and the district court did not clearly err in finding that Ruiz-Hernandez consented to the search. *See United States v. Preciado-Robles*, 964 F.2d 882 (9th Cir. 1992) (finding the defendant consented at an immigration checkpoint where the officer asked permission to search, did not draw his gun, and did not threaten the defendant).

**AFFIRMED.**